**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4694**

---

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TRAVIS D. WILLIAMS-JEFFERS,

                    Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Henry E. Hudson, District Judge.  (3:05-cr-00306-HEH-1)

---

Submitted: March 17, 2015              Decided:  March 19, 2015

---

Before WILKINSON and KING, Circuit Judges, and DAVIS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Carolyn V. Grady, Assistant Federal Public Defenders, Alexandria, Virginia, for Appellant.   Peter Sinclair Duffey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Williams-Jeffers appeals his twelve-month sentence imposed upon revocation of his supervised release. On appeal, Williams-Jeffers's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning whether Williams-Jeffers's sentence is plainly unreasonable. Although notified of his right to do so, Williams-Jeffers has not filed a pro se supplemental brief. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a sentence imposed upon revocation of supervised release if it is within the applicable statutory maximum and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for procedural and substantive unreasonableness. Id. at 438-39. In this initial inquiry, we take a "more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). "In exercising its discretion . . ., a district court is guided by the Chapter Seven policy

2

statements in the federal Guidelines manual, as well as the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e)." Webb, 738 F.3d at 641.

A supervised release revocation sentence is procedurally reasonable if the district court properly calculates the Guidelines range and adequately explains the sentence after considering the Chapter Seven advisory policy statements and the appropriate § 3553(a) factors. 18 U.S.C. § 3583(e) (2012); United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id.

In this case, the record reveals no procedural or substantive error by the district court. We thus conclude that Williams-Jeffers's sentence is not plainly unreasonable. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's order. This court requires that counsel inform Williams-Jeffers, in writing, of

3

the right to petition the Supreme Court of the United States for further review. If Williams-Jeffers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams-Jeffers. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED